UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMANDA G.[1],
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:20-cv-987

Litkovitz, M.J.

ORDER

This matter is before the Court on plaintiff's counsel's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b) (Doc. 33). The Commissioner responded (Doc. 34) and neither supports nor opposes the attorney fee motion.

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court shall consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of H.H.S.*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of H.H.S.*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be

reasonable." *Hayes*, 923 F.2d at 422. *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

Plaintiff's counsel submitted a copy of the contingency fee agreement under which plaintiff agreed to pay counsel up to 25 percent of past-due benefits awarded. (*Id.* at PAGEID 1360). Here, the requested fee of $17,971.68 falls well within the 25 percent boundary.[2]

The issue, then, is whether the requested fee is reasonable for the work performed. *Gisbrecht*, 535 U.S. at 807. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 420-21 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id*.

---

[2] Plaintiff was awarded $119,886.70 in past-due benefits, of which $29,971.68 was withheld for payment of the approved representative's fee. (Doc. 33 at PAGEID 1363).

3

Plaintiff's counsel did not provide evidence of a standard hourly billing rate. Like other attorneys who primarily represent Social Security disability claimants, plaintiff's counsel accepts cases on a contingent fee basis.

Plaintiff's counsel submitted an itemized billing record showing that he performed a total of 14.75 hours of work, and an experienced paralegal performed 11.40 hours of work on the case in this Court. (Doc. 33 at PAGEID 1370-72). Counsel submitted the record of hours spent "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement." *Lasley*, 771 F.3d at 310 (quoting *Gisbrecht*, 535 U.S. at 808).

In determining reasonableness, counsel suggests combining the attorney time (14.75 hours) and the paralegal time (11.40 hours) before dividing the $17,971.68 requested contingent fee by the combined 26.15 hours, resulting in a combined effective hourly rate of $687.25. (Doc. 33 at PAGEID 1355). While it is undisputed that courts may consider separately billed paralegal time in assessing the reasonableness of an attorney fee request (*see Hayes*, 923 F.2d at 422 n. 5), courts have taken various approaches in determining how the paralegal time should factor into the reasonableness inquiry.

Some courts, as plaintiff's counsel suggests here, simply combine the number of attorney and paralegal hours before dividing the fee requested by the combined total hours. *See, e.g., L.M. v. Kijakazi*, No. 17-cv-03562, 2023 WL 7251505, at *2-3 (N.D. Cal. Nov. 2, 2023) ("In considering the effective hourly rate as a measure of reasonableness, it is not uncommon for courts to calculate that rate based on the total number of attorney and paralegal hours.") (citing *Crawford v. Astrue*, 586 F.3d 1142, 1153 (9th Cir. 2009)). *See also Hall v. Comm'r of Soc. Sec.*, No. 3:20-cv-385, 2022 WL 17669897, at *2 (S.D. Ohio Dec. 14, 2022) (Gentry, M.J.). Other

courts—finding it inappropriate to compensate attorneys at the same effective hourly rate as non-attorneys—conclude that a reasonable paralegal effective hourly rate equals one-half of a reasonable attorney hourly rate. *See, e.g., Borich v. O'Malley*, No. 3:20-05122-cv, 2024 WL 1940174, at *1-2 (W.D. Mo. May 2, 2024) (reducing contingent fee attorney award to a reasonable attorney hourly rate plus a reasonable paralegal hourly rate of one-half the attorney hourly rate). Still other courts determine a reasonable hourly rate for paralegal work, subtract that amount from the fee requested, and divide the remainder of the fee by the attorney hours worked to determine the attorney effective hourly rate. *See Ott v. Comm'r of Soc. Sec.*, No. CV-17-08051, at *1 n. 3 (D. Ariz. Oct. 24, 2019) ("Taking into consideration 8.5 hours of paralegal work at $100 per hour, counsel states that the fee request results in an effective hourly rate of $435.49" which the court found reasonable). *See also Vicory v. Comm'r of Soc. Sec.*, No. 1:12-cv-419, 2019 WL 2422796, at *2 (S.D. Ohio June 10, 2019) (Black, J.) (finding 25% contingent fee award reasonable where the requested attorney hourly rates of $500 and $450 per hour plus paralegal hourly rate of $100 per hour exactly equaled the "*Hayes* floor"). Finally, some courts conclude that non-legal tasks "should be subsumed in firm overhead rather than billed" regardless of whether a legal assistant, paralegal, or attorney completed those tasks. *Solomon v. Comm'r of Soc. Sec.*, No. CV-18-00306, 2021 WL 4355635, at *2 (D. Ariz. Sept. 24, 2021) (subtracting hours deemed non-compensable time from billing records before determining whether effective hourly rate was reasonable). *See also Bocook v. Astrue*, No. 3:08-cv-309, 2013 WL 992515, at *2 (S.D. Ohio Mar. 13, 2013) (Rice, J.) (finding requested contingent fee reasonable, in part, because "none of the 20.5 hours billed involved clerical or paralegal time").

The Court's role in § 406(b) fee requests is to provide "an independent check, to assure that [attorney-client contingent fee agreements] yield reasonable results in particular cases."

*Gisbrecht*, 535 U.S. at 807. In assuring "reasonable results," the Court must be mindful that § 406(b) attorney fee petitions are inextricably intertwined with issues of "access to representation and economic security for recipients of social security benefits." *Staple v. Comm'r of Soc. Sec.*, No. 16-cv-12648, 2019 WL 4891476, at *5 (E.D. Mich. Sept. 9, 2019). In an effort to ensure that benefit recipients retain as much of the benefit amount as possible while allowing compensation sufficient to maximize access to quality representation so that a person entitled to social security benefits is able to obtain such benefits, the Court will include appropriate paralegal hours at half the attorney hourly rate in calculating the effective hourly rate for the reasonableness inquiry here. Therefore, dividing the $17,971.65 contingent fee request by 14.75 attorney hours worked plus 11.40 paralegal hours worked at half the hourly attorney rate results in an effective hourly rate of $878.81 for plaintiff's attorney and $439.40 for the paralegal.[3]

Although such effective hourly rates are high for this area, the $17,971.65 contingent fee requested does not result in an unreasonable windfall for several reasons. First, there is no allegation that counsel was ineffective or engaged in improper conduct to prolong proceedings. Second, plaintiff's counsel ultimately achieved an excellent result for his client. Third, plaintiff's counsel competently and efficiently briefed the issues. Fourth, plaintiff's counsel seeks an award over $12,000 less than the 25% contingency amount withheld by the Social Security Administration, which weighs in favor of approving the requested fee. *See Willis v. Comm'r of Soc. Sec.*, No. 1:10-cv-594, 2014 WL 2589259, at *5 (S.D. Ohio June 10, 2014) (concluding that a request for less than the full contingency fee is "relevant to the reasonableness determination" and collecting cases). Fifth, the Commissioner does not oppose the requested fee

---

[3] Because the actual mathematical calculation $((14.75 \times 2x) + 11.40x = 17{,}971.65)$ results in fractions of cents, the attorney's effective hourly rate, once rounded to the nearest cent, is not exactly double the paralegal's effective hourly rate here.

award and acknowledges that such fee awards are not unprecedented. (*See* Doc. 34 at PAGEID 1407). Such an effective hourly rate is within those awarded in other cases in this Circuit. *See, e.g., Jodrey v. Comm'r of Soc. Sec.*, No. 1:12-cv-725, 2015 WL 799770, at *3-4 (S.D. Ohio Feb. 25, 2015), *report and recommendation adopted*, 2015 WL 1285890 (S.D. Ohio Mar. 19, 2015) (Barrett, J.) (approving effective hourly rate of $700.00); *Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-637, 2014 WL 5308595, at *2 (S.D. Ohio Oct. 16, 2014), *report and recommendation adopted*, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014) (Smith, J.) (approving effective hourly rate of $750.00); *Metz v. Comm'r, Soc. Sec. Admin.*, No. 3:11-cv-391, 2014 WL 1908512, at *1-2 (S.D. Ohio May 12, 2014) (approving effective hourly rate of $780.25); *Parish v. Comm'r of Soc. Sec.*, No. 13-cv-14410, 2017 WL 3084371, at *3 (E.D. Mich. July 20, 2017) (approving effective hourly rate of nearly $900).

Plaintiff's counsel suggests subtracting the EAJA offset before calculating the effective hourly rate. (Doc. 33 at PAGEID 1355). However, plaintiff's suggested approach is mistaken and leads to an erroneous result under the *Hayes* calculation. *See Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 839-40 (S.D. Ohio 2018). As explained in *Ringel*:

> It is true that the EAJA's Savings Clause bars duplicative awards, and that an attorney who recovers a second, larger fee under 42 U.S.C. § 406(b) must refund the duplicate EAJA fee to the claimant. [ftnt. omitted]. However, the effective hourly rate can be calculated only prior to the subtraction of the duplicate prior EAJA award; subtracting the EAJA award from the total fee sought is incorrect, as the EAJA fee is a wash. [ftnt. omitted]. Here, [the] . . . effective hourly rate is calculated by reference to [the total fee requested] (including her prior EAJA award) divided by the total number of hours expended. The return of an EAJA fee is not a compromise and does not reduce the effective hourly fee sought but only prevents double recovery for the same work.

*Id*. Thus, the proper approach is to perform the *Hayes* calculation using the full amount requested without reducing that amount by the prior EAJA fee award.

Sixth, counsel has nearly 20 years' experience representing Social Security claimants at ALJ hearings and in federal court. Experienced attorneys "may be able to complete a case in fewer hours within the typical range than would a newer attorney [and] should not pay a penalty for efficiency." *Ringel*, 295 F. Supp. 3d at 837. In view of these considerations and having reviewed the fee request in light of the criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $17,971.68 is reasonable for the work plaintiff's counsel performed in this Court.

Finally, any award of fees under § 406(b) must be offset by the previous award of Equal Access to Justice Act (EAJA) fees in the amount of $3,500.00, as required under *Jankovich v. Bowen*, 868 F.2d 867, 871 & n.1 (6th Cir. 1989) (While a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be awarded to the client.). (Doc. 33 at PAGEID 1355-56).

Accordingly, plaintiff's counsel's § 406(b) motion for attorney fees (Doc. 33) is **GRANTED**, and counsel is **AWARDED** attorney fees in the amount of **$17,971.68**. The Court **ORDERS** plaintiff's counsel to remit **$3,500.00** of this sum directly to plaintiff upon receipt of the § 406(b) fee award.

Date: 8/8/2024

Karen L. Litkovitz
United States Magistrate Judge